IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SIRENA RENEE POOLE, also known       :
as Sirena Renee Permenter,           :
                                     :
             Claimant,               :
                                     :
       v.                            :       Civ. No. 18-1584-RGA
                                     :
MICHAEL P. MORTON, et al.,           :
                                     :
             Respondents.            :


Sirena Renee Poole, Middletown, Delaware.  Pro Se Claimant.


**MEMORANDUM OPINION**


December 27, 2018
Wilmington, Delaware



**ANDREWS, U.S. District Judge:**

Claimant Sirena Renee Poole, also known as Sirena Renee Permenter, proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. She filed this action on October 15, 2018. Claimant invokes jurisdiction under 28 U.S.C. § 1338 (patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition), and the petition refers to several federal laws. (D.I. 2, 7). The Court proceeds to review and screen the petition for declaratory judgment pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Claimant seeks a cease and desist order against Respondents attorneys Michael P. Morton and David C. Zerbato "for certain violations of the Investment Act of 1940, Employee Security Company, RICO Act, False Claims Act, White Collar Crime, Chapter 77 of Title 18, 18 U.S.C.A. 1584." (D.I. 7 at 2). The claims revolve around Claimant's eviction from property where she was living after the property "went through foreclosure," and the previous occupants left the property and moved to another state. (D.I. 2 at 4).

In April 2018, Service Link Company was hired to maintain and winterize the property, and it placed a sticker on the door that the property was vacant/abandoned. (*Id.*). Claimant called Service Link to inquire about the property and entered into a verbal agreement to occupy and maintain the premises and to record a deed. (*Id.* at 4, 6). Two weeks later, two men told Claimant they had purchased the property. (*Id.* at 4-5). A week later, Claimant was approached by Keller Williams Broker and, after that, received two more visits from "two other undisclosed men." (*Id.* at 5).

1

On July 17, 2018, Claimant filed a quitclaim deed that purported to convey the property in question from Claimant to Claimant and two others. (D.I. 2 at Ex. B). The Court takes judicial notice that on August 2, 2018, a landlord tenant action was filed in the New Castle County Justice of the Peace Court by Judy Fisher against Claimant, C.A. No. JP9-18-002015. Fisher was represented by Respondents Morton and Zerbato. (D.I. 2 at Ex. C). On September 10, 2018, Claimant was advised it had been determined that the deed was filed in error, and it was removed from the record by the New Castle County Recorder of Deeds. (*Id.*). Claimant was further advised that Fisher and Katherine J. Bannon are the joint owners of record of the property. (*Id.*).

On September 17, 2018, Claimant filed a notice of registration under Section 8(a) of the Investment Company Act of 1940. (*Id.* at 4). On September 21, 2018, two men dressed as Delaware State Police Agents assisted in evicting Claimant from the property. (*Id.* at 5). On September 26, 2018, Zerbato advised the Justice of the Peace Court that he was dismissing the landlord/tenant action without prejudice. (D.I. 2 at Ex. C). Claimant alleges the matter was dismissed because Respondents did not effect proper service as they failed to serve the registered agent as listed on the notice of registration. (D.I. 2 at 5).

Claimant alleges she has a vested interest in the property and was ousted from it. (*Id.* at 5-6). She seeks summary possession of the property. (D.I. 7 at 7).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

2

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Claimant proceeds *pro se*, her pleading is liberally construed and her petition, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Claimant leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A

3

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Court perceives no basis for jurisdiction. Although Claimant references a number of federal statutes, none of them raise cognizable federal claims based upon the facts as alleged. Claimant's complaint is that she was wrongfully evicted from property she claims is rightfully hers. Typically, real estate and landlord/tenant claims arise under state law. The only way Claimant could proceed with her state claims in this Court is by reason of diversity jurisdiction.

"[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 569-70, (2004). For diversity jurisdiction, the matter in controversy must exceed the sum or

4

value of $75,000, exclusive of interest and costs, and the suit must be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). The Complaint does not explicitly allege any citizenship of any party. Fairly read, it appears that Claimant, Morton and Zerbato are all citizens of the State of Delaware. Therefore, the requirements for diversity jurisdiction are not met.

## CONCLUSION

Therefore, the Court will dismiss the petition for declaratory judgment for failure to state a federal claim and for lack of jurisdiction over the non-federal claims. Given the stated factual basis for the lawsuit, there is no basis to believe that Claimant can amend her lawsuit to state a federal claim. Thus, permitting leave to amend would be futile.

An appropriate order will be entered.